UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS NIEVES, | : CIVIL ACTION NO. 4:20-CV-652 |
| Plaintiff, | : |
| v. | : (JUDGE MANNION) |
| DEPARTMENT OF CORRECTIONS, et al., | : |
| Defendants. | : |

# ORDER

Presently before the court in this *pro se* civil rights lawsuit is the report and recommendation of Magistrate Judge William I. Arbuckle, (Doc. 226), and Plaintiff's Motion for Jury Trial, (Doc. 227). Judge Arbuckle recommends that Defendants' motion for summary judgment, (Doc. 173), be granted. *In lieu* of a timely objection Plaintiff filed a self-styled Motion for Jury Trial that does not dispute or even question Judge Arbuckle's findings.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern*., Inc. 702 F. Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F. 2d 874, 878 (3d Cir. 1987)(explaining judges

should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.[1]

Defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which empowers courts to dispose of those claims that do not present "a genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). For a dispute to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Haybarger v. Laurence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 412 (3d Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti*

---

[1] To the extent Plaintiff's Motion for Jury Trial could be construed as a timely objection to Judge Arbuckle's report the district court would need to review *de novo* those portions of the report to which objections are made. 28 U.S.C. 636(b)(1); *Brown v. Astrue*, 649 F. 3d 193, 195 (3d Cir. 2011) However, Plaintiff's motion does not object to, let alone mention, any aspect of the report. Thus, even when viewed as an objection, Plaintiff's Motion for Jury Trial does not require the court review any aspect of the report *de novo*.

*v. Pub. Serv. Elec. & Gas Co.*, 364 F. 3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F. 3d 195, 201 (3d Cir. 2006); *Celotex Corp v. Catrett*, 477 U.S. 317, 324 (1986). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgement is appropriate. *Celotex*, 477 U.S. at 322.

Since the report correctly states the procedural and factual background of this case, (Doc. 226, at 5-8), it will not be repeated herein. In short Plaintiff alleges that his Eighth Amendment Rights were violated during his incarceration in a Pennsylvania state prison. Specifically, Plaintiff alleges that on March 30, 2020, he sustained injuries to his arms and wrist as a result of excessive force by correction officers. Conversely Defendants assert that on March 30, 2020, Plaintiff became aggressive while being moved to a new cell, forcing staff to hold Plaintiff's arm in the food aperture until he complied with their orders. Regardless Judge Arbuckle found, and this court agrees, that Plaintiff cannot bring a claim against Defendants Department of

Corrections ("DOC") or SCI Camp Hill and has failed to exhaust his administrative remedies as to Defendant Corrections Officers Parry and Lugo.

Plaintiff attempts to bring a claim under 42 U.S.C. §1983 against Defendants DOC and SCI Camp Hill for failure to properly train Defendants Parry and Lugo, failure to hold them accountable, and failure to "impede" his injuries from occurring. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the constitution or laws of the United States." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Gruenke v. Seip*, 225 F. 3d 290, 298 (3d Cir. 2000)). However, states, state agencies, and state officials acting in their official capacities are not persons within the meaning of 42 U.S.C. §1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 8, 71 (1989); s*ee also Godfrey v. Little*, No. CV 3:22-0885, 2023 WL 6276702, at *2 (M.D. Pa. Sept. 26, 2023) ("States and their derivative governmental institutions, including the Department of Corrections (DOC), prisons, and prison medical departments, are not 'persons' for purposes of civil rights action.") Thus, Plaintiff's claims against Defendants DOC and SCI Camp Hill will be dismissed with prejudice since any amendment as to these Defendants would be futile.

Additionally, Defendants Parry and Lugo argue that Plaintiff has failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), and thus his claims against them are barred. The PLRA requires prisoners to first pursue their claims through an administrative grievance process before seeking redress in federal court. Exhaustion is mandatory and applies to all inmate lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2003).

Here Plaintiff does not factually dispute Defendants Parry and Lugo's statement that he failed to appeal his grievance to final review under DC-ADM 804, and therefore failed to exhaust the grievance procedure as required by the PLRA. Plaintiff makes only the legal argument that he exhausted his administrative remedies by reporting his alleged abuse in accordance with DC-ADM 001. However, Third Circuit precedent is clear that an inmate can only exhaust by following the grievance procedure under DC-ADM 804 and cannot exhaust under DC-ADM 001. *See Prater v. Dep't of Corr.*, 76 F. 4h 184, 203-04 (3d Cir. 2023). Thus, there is no genuine dispute of material fact that Plaintiff failed to exhaust his administrative remedies and Defendants Parry and Lugo motion for summary judgment will be granted.

Plaintiff does not object to any of these findings and instead filed a self-styled Motion for Jury Trial in which he baldly request *inter alia* the court "stop covering the constitution with bias law favers (sic.) and please grant trial." (Doc. 227 at 2.) However, this request does not change the fact that Plaintiff has failed to defeat Defendant's motion for summary judgment. Since that motion will be granted Plaintiff's motion for jury trial will also be dismissed as moot.

**NOW THEREFORE IT IS HEREBY ORDERED THAT**:

(1) The report and recommendation of Judge Arbuckle, (Doc. 226), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

(2) Plaintiff's claims against Defendants DOC and SCI Camp Hill are **DISMISSED** with prejudice.

(3) Defendants Parry and Lugo's Motion for Summary Judgment, (Doc. 173), is **GRANTED**.

(4) Plaintiff's motion for jury trial, (Doc. 227), is **DENIED** as moot.

(5) The Clerk of Court is directed to **CLOSE** this case.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2024**
20-652-01